IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| WESLEY THOMPSON,<br><br>               Plaintiff,<br><br>v.<br><br>ANDREW ARCHULETA, et al.,<br><br>               Defendants. | **MEMORANDUM DECISION<br>AND DISMISSAL ORDER**<br><br>Case No. 2:21-cv-177-TC<br><br>Judge Tena Campbell |

On May 13, 2024, the court ordered Plaintiff Wesley Thompson to show cause within thirty days why his prisoner civil rights complaint, filed under 42 U.S.C. § 1983, should not be dismissed for failure to state a claim upon which relief may be granted. (ECF Nos. 5, 27.) The court set forth an analysis explaining the invalidity of Mr. Thompson's claims that "Defendants violated his legal rights concerning (a) his parole conditions and (b) his arrest and revocation of his parole after he violated those conditions." (ECF No. 27.)

More specifically, the court held as follows. First, the court found that Defendant Chyleen Richey did not violate Mr. Thompson's constitutional rights concerning his parole conditions; and, alternatively, that she was absolutely immune from the claims against her. Second, the court found that Defendant Andrew Archuleta did not violate Mr. Thompson's privacy, Fourth Amendment, and equal protection rights in the ways alleged; that he was immune from attacks on his testimony; that Mr. Archuleta may not be held accountable for violations of Utah statutes in this civil rights action; that he was protected under Heck v. Humphrey, 512 U.S. 477 (1994), from damages requests for claims attacking Mr. Thompson's

imprisonment; that he may not be charged with criminal behavior in this action; that he was not liable for the claim regarding "explanation of rights," a claim that lacked sufficient detail; and that he could not have been responsible for setting Mr. Thompson's arraignment date. Third, the court found that Defendant Alexa Baty was not liable for damages for an untruthful affidavit; that she may not be held accountable for violations of Utah statutes in this civil rights action; that she was not liable for the claim regarding "explanation of rights," a claim that lacked sufficient detail; that she did not violate Mr. Thompson's search-and-seizure rights in the ways alleged; and that she could not have been responsible for setting Mr. Thompson's arraignment date. Fourth, the court found that Defendant Michelle Bo was protected under Heck from damages requests for claims attacking Mr. Thompson's imprisonment. Fifth, the court found that Defendant Curtis Tuttle was absolutely immune from the claims against him in this action; and that, alternatively, those claims were barred by Heck. Sixth, the court found that Defendant Carrie Cochran may not be held accountable for violations of Utah statutes in this civil rights action. Finally, the court noted that habeas corpus relief is not available in a civil rights case.

    Mr. Thompson responds with arguments that 1) this court "may also exercise supplemental jurisdiction over all other claims that are so entertwined [sic] to claims in the action within such original jurisdiction that they form part of the same case or controversy"[1];

---

[1] "[I]n the alternative," Mr. Thompson asks that "this court should grant leave to remove this action to the state court." (ECF No. 18.) But this court "has no power to remand a case initiated in federal court." Velez v. City of Colo. Springs, No. 21-1137, 2021 U.S. App. LEXIS 37529, at *4–5 (10th Cir. Dec. 20, 2021) (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351 (1988) (explaining that, unlike in a removed case with pendent state-law claims, when a plaintiff "filed his suit in federal court, remand [to state court] was not an option")); Streambend Props. II, LLC v. Ivy Tower Minneapolis, LLC, 781 F.3d 1003, 1017 (8th Cir. 2015) ("[A] district court has no power to remand a non-removed case to state court.").

2) absolute immunity may not be raised by this Court sua sponte; 3) in screening Mr. Thompson's Complaint, the court impermissibly behaved as an advocate for the Defendants; and 4) claims against Defendant Cochran based on state statutes were legitimately brought under the Due Process Clause.  (ECF No. 18.)  These arguments are not persuasive.

First, regarding supplemental jurisdiction, Mr. Thompson did not present any of his state-law issues as standalone causes of action but instead intertwined them with his federal constitutional claims.  But regardless of how Mr. Thompson presented his state-law issues, this Order dismisses all federal claims.  The federal statute governing supplemental jurisdiction reads in pertinent part: "The district courts may decline to exercise supplemental jurisdiction over a claim … if … the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c).  In another case dismissing all federal claims, the Tenth Circuit declined to consider the plaintiff's state-law claims, explaining:

> Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.  Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.

Dexter v. Ford Motor Co., 92 F. App'x 637, 644 (10th Cir. 2004) (cleaned up).  For these same reasons, this court declines to exercise supplemental jurisdiction over Mr. Thompson's potential state-law claims.  With all federal claims dismissed, any state-law claims are more properly evaluated by Utah state courts.

Second, absolute immunity is available for this court to consider sua sponte as a basis for dismissal.  See Sawyer v. Gorman, 317 F. App'x 725, 726–27 (10th Cir. 2008) (agreeing with the district court's sua sponte dismissal of "complaint for monetary damages based on

Defendants' absolute immunity"); Shelton v. Seay, No. 99-7020, 1999 U.S. App. LEXIS 32062, at *4 (10th Cir. Dec. 6, 1999) (holding that, when the affirmative defense of absolute immunity was obvious from the face of the complaint, the district court properly raised the defense to find that the action lacked an arguable basis in law). After all, under the statute authorizing the court to screen in forma pauperis (IFP) complaints, 28 U.S.C. § 1915(e)(2)(B)(iii), "district courts must dismiss an IFP complaint if it seeks monetary relief against a defendant who is immune from relief." Sawyer, 317 F. App'x at 727 (cleaned up).

Third, this court is required by statute to review inmate complaints and "dismiss the complaint … if the complaint … is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C.S. § 1915A(b)(1). The court has not screened and proposed the dismissal of Mr. Thompson's Complaint as an advocate for Defendants, but to adhere to the statutory mandate.

Finally, Mr. Thompson challenges this court's proposed dismissal of Defendant Carrie Cochran. (ECF No. 27; ECF No. 28-1 at 12.) In his Complaint, Mr. Thompson alleges that Ms. Cochran violated his due process rights by failing "to adhere to the statutory law." (ECF No. 5 at 13.) Mr. Thompson specified that this violation occurred as follows: "Under the law the plaintiff had a statutory right to the [Utah Board of Pardons and Parole (UBPP)] limiting the violation incarceration period to 60 days consistent with guidelines under subsection 63M-7-404(5)."[2] (ECF No. 5 at 9.) Mr. Thompson goes on to say that he "was violated on 9-21-19, due

---

[2] Section 63M-7-404(5) reads as follows:

    (a) The commission shall establish sentencing guidelines for periods of incarceration for individuals who are on parole and:
        (i) who have violated a condition of parole; and

to scheduling the plaintiff did not receive his parole violation hearing until 12-17-19 some 86 days later," during which time he was in custody. (Id.) Even so, he asserts, "Cochran scheduled a paper review claiming guideline exception of new criminal charges pending (See Exhibit N)."³ (Id.) Mr. Thompson concludes his claims against Ms. Cochran with these allegations: "Pursuant to R671-204-1(6) [UBPP] may continue a hearing to await the adjudication or resolution of new or additional criminal charges. … Criminal charges were not filed until 4-1-20 some 190 days after arrest, due process did not allow for a continuance based on future charges."⁴ (ECF No. 5 at 9.)

---

(ii) whose parole has been revoked by the Board of Pardons and Parole.
(b) For a situation described in Subsection (5)(a), the guidelines shall recommend that the Board of Pardons and Parole consider:
  (i) the seriousness of any violation of the condition of parole;
  (ii) the individual's conduct while on parole; and
  (iii) the individual's criminal history.

Utah Code Ann. § 63M-7-404(5). Together with this section, Mr. Thompson cites Utah code section 77-27-11(6)(c), which reads as follows:

If the board revokes parole for a violation and orders incarceration, the board may impose a period of incarceration:
  (i) consistent with the adult sentencing and supervision length guidelines, as defined in Section 63M-7-401.1; or
  (ii) subject to Subsection (6)(a)(iv), impose a period of incarceration that differs from the guidelines.

Utah Code Ann. § 77-27-11(6)(c).

³ Exhibit N contains two items: 1) A UBPP document considering "the Status of Thompson, Wesley," titled "Issue Warrant of Arrest," dated September 24, 2019, signed by Ms. Cochran, stating "date warrant issued 09/24/2019." (ECF No. 5-14 at 2.) And 2) a UBPP document considering "the Status of Thompson, Wesley," titled "Parole Violation Hearing," dated December 17, 2019, signed by Ms. Cochran, stating "schedule for hearing 02/2020." (Id.)

⁴ The rules Mr. Thompson references here read as follows: 1) "Board hearings may be continued … to await the adjudication or resolution of new or additional criminal charges …." R. 671-204-

5

In its Order to Show Cause, this court found:

> But the state statutes and rules identified by Mr. Thompson do not support causes of action under § 1983. See St. George v. Weiser, No. 21-1399, 2022 U.S. App. LEXIS 35937, at *14 (10th Cir. Dec. 30, 2022). Under § 1983, Mr. Thompson "must allege the violation of a right secured by the Constitution and laws of the United States." West v. Atkins, 487 U.S. 42, 48 (1988) (emphasis added); see also Gaines v. Stenseng, 292 F.3d 1222, 1225 (10th Cir. 2002) ("Section 1983 'is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred.'" (quoting Graham v. Connor, 490 U.S. 386, 393–94 (1989))). Here, Mr. Thompson alleges that Ms. Cochran acted to violate state statutes and rules, which (by itself) is inadequate to plead a claim under § 1983. See St. George, 2022 U.S. App. LEXIS 35937, at *14.

(ECF No. 27 at 14–15.)

Mr. Thompson responds to the court's previous order as follows:

> [T]his court did not discuss—and apparently did not dismiss—the claim that the defendants via the Utah Bd. of Pardons & Parole did not provide the plaintiff during the retaking and revocation process the full panoply of rights provided by the federal due process as determined by the U.S. Supreme Court in Morrissey v. Brewer, 408 U.S. 471 (1972). The Court ruled the U.S. Constitution's due process would seem to require that some minimal inquiry be conducted at or reasonably near the place of the alleged parole violation or arrest, like the local county jail with the use of video hearings "and as promptly as convenient after arrest," Utah Code § 64-13-24. [Utah Code] § 77-27-11(b) requires within 72 hours "while information is fresh and sources are available" a "preliminary hearing to determine whether there is probable cause or reasonable ground to issue a board warrant." The "preliminary hearing" must be conducted "by someone not directly involved in the case" and the parolee may have notice and opportunity to be heard, appointed counsel, confront and cross-examine witnesses, present evidence, call witnesses on his behalf, and otherwise have an opportunity to invalidate issuing a warrant before all the consequences in by being resent to prison. Further, and because Plaintiff did not have a probable cause hearing on a parole warrant, he was resent to prison, the defendants did not provide the "revocation hearing" within the statutorily required 84 days. See Utah Code § 77-27-11, 77-27-9(4), R:671-515-1. Thus, depriving him of the right to be released after the maximum 60 day incarceration period. Indeed, a state's laws and regulations regarding retaking parolees are one "example of the rare

---

1(6), Utah Admin Rs. And 2) "The board may, in its discretion, continue hearings to allow for adjudication of new criminal charges." R. 671-522-1, Utah Admin. Rs.

> instance in which the contours of a federal constitutional right[s] are determined, in part, by the content of state law." United States v. Mathews, 928 F.2d 968 (10th Cir. 2019).

(ECF No. 28-1 at 12–13.)

As an initial matter, the "full panoply of rights" due Mr. Thompson in his parole revocation proceedings was not raised in the Complaint and so are not at issue here. (ECF No. 5.) The only "rights" Mr. Thompson raised were, again, Ms. Cochran's failure to adhere to state statute as to 1) the length of time he was held after he "was violated on 9-21-19 … until his parole violation hearing … 12-17-19 some 86 days later"; and 2) "[c]riminal charges … not [being] filed until 4-1-20 some 190 days after arrest." (ECF No. 5 at 9.) Mr. Thompson argues these alleged failures to follow state statute were federal due-process violations that should result in the award of money damages against Ms. Cochran.[5] (Id.)

But the Tenth Circuit has held that "delay [of a parole revocation hearing], per se, does not constitute a violation of due process … where the parolee has finally been afforded the revocation hearing and the facts have been fairly adjudicated." White v. Braley, No. 98-6361, 1999 U.S. App. LEXIS 3061, at *4–5 (10th Cir. Feb. 26, 1999) (quoting McNeal v. United States, 553 F.2d 66, 68 (10th Cir. 1977)). Instead, "the delay, taking into consideration all the circumstances, must also be prejudicial." Id. (cleaned up). Mr. Thompson has not asserted that any delay hindered his ability to present witnesses or evidence, or detailed how he was otherwise prejudiced. See id. "Even if the delay was unjustified, that fact alone is of no help to petitioner

---

[5] Mr. Thompson also raised as a violation the fact that "for his first time violation he should have been granted an immediate release." (ECF No. 5 at 9.) But for this claim he did not supply any basis under a state statute or otherwise. The court therefore does not further consider this allegation.

7

if finally a fair hearing was held which satisfied the requirements of the Constitution." Id. (cleaned up).  Mr. Thompson therefore fails to present a persuasive argument.

Alternatively, Ms. Cochran appears to have absolute immunity based on her status as a member of the UBPP.  "Members of the [UBPP] are 'absolutely immune from damages liability for actions taken in performance of the Board's official duties regarding the granting or denying of parole.'"  Wach v. Cochran, No. 22-4077, 2023 U.S. App. LEXIS 726, at *3 (10th Cir. Jan. 12, 2023) (quoting Knoll v. Webster, 838 F.2d 450, 451 (10th Cir. 1988) (per curiam)).  "[A]ll indications are that [Ms. Cochran's actions] came within the scope of [her] official duties." Id.  Ms. Cochran therefore has "absolute immunity with respect to [Mr. Thompson's] claim for damages."  Id.

## ORDER

The court's analysis in its previous Order to Show Cause stands.  (ECF No. 27.)  Based on that analysis and for the reasons stated above, IT IS ORDERED that this action is DISMISSED with prejudice for failure to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2)(B)(ii).  Any dismissal on the basis of Heck is without prejudice.  (See ECF No. 27.)

DATED this 8th day of July, 2024.

BY THE COURT:

_/s/ Tena Campbell_____
TENA CAMPBELL
United States District Judge