IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| WESLEY THOMPSON,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW ARCHULETA, et al.,<br><br>    Defendants. | **ORDER AND MEMORANDUM DECISION DENYING MOTION FOR RECONSIDERATION**<br><br>Case No. 2:21-cv-177-TC<br><br>Judge Tena Campbell |

  On July 8, 2024, the court dismissed the above-captioned action brought by Plaintiff Wesley Thompson. (Order dated July 8, 2024, ECF No. 29.) Having previously ordered Mr. Thompson to show cause why the case should not be dismissed for failure to state a claim upon which relief may be granted (Order dated May 15, 2024, ECF No. 27), the court found that Mr. Thompson's response was insufficient to cure the defects of his Complaint and dismissed the case under the screening function that the court is required to perform for claims filed by inmates who are seeking redress from a governmental entity, officer, or employee. See 28 U.S.C. § 1915A(b)(1).

  Mr. Thompson now moves the court under Rule 59(e) of the Federal Rules of Civil Procedure to amend its judgment. (Pl.'s Mot. Amend J., ECF No. 31.) For the reasons set forth below, the court denies the motion.

## ANALYSIS

  The Tenth Circuit has set forth narrow grounds that warrant granting a motion for reconsideration, which include "(1) an intervening change in the controlling law, (2) new

evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Alpenglow Botanicals, LLC v. United States, 894 F.3d 1187, 1203 (10th Cir. 2018) (citation omitted).

Mr. Thompson cites no intervening change in the controlling law or previously unavailable evidence, but instead repeats arguments that the court has already considered and suggests that the court misunderstood his position.

First, Mr. Thompson maintains that the court did not consider his constitutional challenge to 28 U.S.C. § 1915A. (ECF No. 31 at 1.) That statute requires the court to screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court shall "dismiss the complaint" if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted …." Id. § 1915A(b). Mr. Thompson argues that this statutory mandate is unconstitutional because it requires courts to act as advocates for defendants in prisoner-filed cases. (ECF No. 31 at 1–2.)

But Mr. Thompson cites no legal authority that supports his position. In any event, the court disagrees with his characterization—as does the Tenth Circuit. See Judy v. Obama, 601 F. App'x 620, 623 (10th Cir. 2015) (upholding dismissal after a similar screening under § 1915(e)(2) for an action in forma pauperis and rejecting plaintiff's argument that court was acting as counsel for the defense). The court's screening function does not require it to act as an advocate for the government (for instance, by suggesting arguments the government could employ to win undecided legal questions). Instead, the court is merely screening the complaint to determine whether further litigation would be futile. Courts routinely process a high volume

of litigation from inmates; were the court to require the government to respond to every complaint, even those that are frivolous or do not state a cause for relief, a substantial backlog would accumulate that would delay the court from considering meritorious arguments.

Second, Mr. Thompson notes that, in a footnote, the court quoted the current version of Utah Code Ann. § 77-27-11(6)(c), rather than the version in force in 2019 when Mr. Thompson was arrested. (ECF No. 31 at 2–3.) The court agrees that the statute previously contained mandatory language ("shall impose") rather than permissive language ("may impose") regarding the period of incarceration that the Utah Board of Pardons and Parole (UBPP) should impose for a parole revocation. But Mr. Thompson's claims fail even under the mandatory version of the statute.

Mr. Thompson argues that after he was arrested for violating his parole, he did not receive a hearing until 86 days later—a delay that violated state sentencing guidelines imposing a 60-day incarceration cap on a first-time revocation of parole.[1] Although Mr. Thompson recognizes that the UBPP may continue a hearing "to await the adjudication or resolution of new or additional criminal charges[,]" Utah Admin R. 671-204-1(6), he argues that he was not

---

[1] The current sentencing guidelines, which suggest a 180-day incarceration cap on parole revocation, state: "Prior versions of the guidelines included graduated incarceration caps for first, second, third and subsequent revocations. These graduated steps have been removed in order to grant the sentencing, release, and supervision authorities more flexibility in tailoring a response to fit the individual case." Utah Adult Sentencing Guidelines at 41, App'x D to Jud. Council Code of Jud. Admin., available at: https://justice.utah.gov/Sentencing/. This suggested cap is a "guideline[] only" and does not "create any right or expectation on behalf of any individual." Id. An exception to these guidelines includes "when new charges are pending[.]" Id. at 42; see also Utah Admin. R. R671-204-1(6).

charged with any new crimes until 190 days after his arrest, and that therefore the UBPP had no justification to deviate from the incarceration cap listed in the sentencing guidelines.

The court has already addressed this argument. (See ECF No. 29 at 6–8.) Even assuming that the UBPP failed to follow state statutes or guidelines, a violation of state law does not necessarily allow Mr. Thompson to plead a cause of action under 42 U.S.C. § 1983. Under § 1983, Mr. Thompson "must allege the violation of a right secured by the Constitution and laws of the United States." West v. Atkins, 487 U.S. 42, 48 (1988) (emphasis added). While prolonged state incarceration without a hearing could run afoul of the Constitution's guarantee of a speedy trial, the Tenth Circuit has held that "delay [of a parole revocation hearing], per se, does not constitute a violation of due process … where the parolee has finally been afforded the revocation hearing and the facts have been fairly adjudicated." White v. Braley, No. 98-6361, 1999 WL 107106, at *1 (10th Cir. Feb. 26, 1999) (quoting McNeal v. United States, 553 F.2d 66, 68 (10th Cir. 1977)). Instead, "the delay, taking into consideration all the circumstances, must also be prejudicial." Id.

Mr. Thompson asserts that the delay was prejudicial because a witness who could have provided him with an alibi passed away from cancer while the proceedings were pending. Mr. Thompson has provided no other information about this witness and, in any event, this argument is more properly directed at the new charges brought against him—charges that eventually led to a deal in which he pled no contest to one count in exchange for dismissal of the other counts. See Utah v. Thompson, No. 201903785 (Utah 3rd Dist. Ct. Apr. 11, 2023).

But even if the court were willing to consider whether the missing witness caused a prejudicial delay, Mr. Thompson has not responded to the argument that members of the UBPP

4

are "absolutely immune from damages liability for actions taken in performance of the Board's official duties regarding the granting or denying of parole." Wach v. Cochran, No. 22-4077, 2023 WL 164613, at *2 (10th Cir. Jan. 12, 2023) (quoting Knoll v. Webster, 838 F.2d 450, 451 (10th Cir. 1988) (per curiam)).  Mr. Thompson has not pled any facts suggesting that any of the Defendants were acting outside the scope of their official duties.  Accordingly, the court finds no reason to amend its previous order.

## ORDER

For the reasons stated above, the court DENIES Mr. Thompson's Motion to Amend the Judgment (ECF No. 31).

DATED this 4th day of September, 2024.

BY THE COURT:

*Tena Campbell*
Tena Campbell
United States District Judge