IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| WESLEY THOMPSON,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW ARCHULETA, et al.,<br><br>    Defendants. | **ORDER AND MEMORANDUM DECISION DENYING SECOND MOTION FOR RECONSIDERATION**<br><br>Case No. 2:21-cv-177-TC<br><br>Judge Tena Campbell |

Plaintiff Wesley Thompson moves the court under Rule 60(b)(1) of the Federal Rules of Civil Procedure (ECF No. 33) for relief from the court's order denying Mr. Thompson's previous motion to amend, which he filed under Rule 59(e). (See Order, Sept. 4, 2024, ECF No. 32.) In turn, Mr. Thompson's previous motion (ECF No. 31) asked the court to amend its order dismissing his case for failure to state a claim upon which relief can be granted. (See Order, July 8, 2024, ECF No. 29.)

In its original order, the court dismissed Mr. Thompson's case under the screening function that the court is required to perform for claims filed by inmates who are seeking redress from a governmental entity, officer, or employee. See 28 U.S.C. § 1915A(b)(1). And in its order denying his first motion for reconsideration, the court found that Mr. Thompson cited no intervening change in the controlling law, previously unavailable evidence, or clear error that would justify amending the court's previous order. See Alpenglow Botanicals, LLC v. United States, 894 F.3d 1187, 1203 (10th Cir. 2018) (holding that the narrow grounds warranting a court to grant a motion under Rule 59(e) include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent

manifest injustice." (citation omitted)); see also Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000) (applying the same factors in a motion for reconsideration brought under Rule 60(b)).

In his latest motion, Mr. Thompson repeats an argument he made in his first motion for reconsideration—namely, that members of the Utah Board of Pardons and Parole (UBPP) violated his rights by failing to comply with the terms of a state statute. But as the court previously held, the violation of a state statute by a state official does not necessarily give Mr. Thompson a federal cause of action. Specifically, the court addressed his argument as follows:

> Mr. Thompson argues that after he was arrested for violating his parole, he did not receive a hearing until 86 days later—a delay that violated state sentencing guidelines imposing a 60-day incarceration cap on a first-time revocation of parole. Although Mr. Thompson recognizes that the UBPP may continue a hearing "to await the adjudication or resolution of new or additional criminal charges[,]" Utah Admin R. 671-204-1(6), he argues that he was not charged with any new crimes until 190 days after his arrest, and that therefore the UBPP had no justification to deviate from the incarceration cap listed in the sentencing guidelines.
>
> The court has already addressed this argument. (See ECF No. 29 at 6–8.) Even assuming that the UBPP failed to follow state statutes or guidelines, a violation of state law does not necessarily allow Mr. Thompson to plead a cause of action under 42 U.S.C. § 1983. Under § 1983, Mr. Thompson "must allege the violation of a right secured by the Constitution and laws of the United States." West v. Atkins, 487 U.S. 42, 48 (1988) (emphasis added). While prolonged state incarceration without a hearing could run afoul of the Constitution's guarantee of a speedy trial, the Tenth Circuit has held that "delay [of a parole revocation hearing], per se, does not constitute a violation of due process … where the parolee has finally been afforded the revocation hearing and the facts have been fairly adjudicated." White v. Braley, No. 98-6361, 1999 WL 107106, at *1 (10th Cir. Feb. 26, 1999) (quoting McNeal v. United States, 553 F.2d 66, 68 (10th Cir. 1977)). Instead, "the delay, taking into consideration all the circumstances, must also be prejudicial." Id.
>
> Mr. Thompson asserts that the delay was prejudicial because a witness who could have provided him with an alibi passed away from cancer while the proceedings were pending. Mr. Thompson has provided no other information about this witness and, in any event, this argument is more properly directed at the new charges brought against him—charges that eventually led to a deal in which he

pled no contest to one count in exchange for dismissal of the other counts. See Utah v. Thompson, No. 201903785 (Utah 3rd Dist. Ct. Apr. 11, 2023).

(ECF No. 32 at 3–5 (footnote omitted).)

Mr. Thompson presents no new argument in his current motion and the court declines to alter its previous analysis. Having now considered variations of this argument in three separate orders, the court will summarily dismiss any additional request for reconsideration on this ground.

Finally, because the court reaffirms its previous order on the basis that Mr. Thompson failed to state a claim upon which relief may be granted, the court need not address whether members of the UBPP were entitled to immunity in these circumstances.

## ORDER

For the reasons stated above, the court DENIES Mr. Thompson's Motion for Relief from the Court's Order (ECF No. 33).

DATED this 10th day of December, 2024.

BY THE COURT:

*Tena Campbell*
Tena Campbell
United States District Judge

3